NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

APR 9 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JACQUELYNE ZUERCHER, | No. 22-15550 |
| Plaintiff-Appellant, | D.C. No. 4:21-cv-05142-YGR |
| v. | |
| JANINA M. HOSKINS; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Yvonne Gonzalez Rogers, District Judge, Presiding

Submitted April 5, 2024[**]
San Francisco, California

Before:  M. SMITH, HURWITZ, and JOHNSTONE, Circuit Judges.

Jacquelyne Zuercher appeals the dismissal of her complaint against two bankruptcy trustees, the Federal Bureau of Investigation ("FBI"), the U.S. Marshals Service ("USMS"), and various federal agents.  The complaint alleged that Zuercher received a Mercedez-Benz McLaren from her mother, Monica Hujazi, on her

---

[*]   This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]   The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

sixteenth birthday as a gift, and that the defendants wrongfully seized the automobile in connection with Hujazi's Chapter 7 bankruptcy proceedings. We have jurisdiction under 28 U.S.C. § 1291 and affirm.

1. Zuercher's claims against bankruptcy trustees Janina Hoskins and Lynn Schoenmann are foreclosed by the *Barton* doctrine, under which "a party must first obtain leave of the bankruptcy court before it initiates an action in another forum against a bankruptcy trustee or other officer appointed by the bankruptcy court for acts done in the officer's official capacity." *In re Crown Vantage, Inc.*, 421 F.3d 963, 970–71 (9th Cir. 2005); *see Barton v. Barbour*, 104 U.S. 126, 127 (1881).

Zuercher's allegations against Hoskins and Schoenmann arise from official-capacity acts "that affect the administration of" bankruptcy estates. *In re Crown Vantage, Inc.*, 421 F.3d at 971. The bankruptcy court approved an agreement between Hoskins and Hujazi requiring litigation about the McLaren to be conducted in that court. Schoenmann later received permission from the bankruptcy court to treat the McLaren as abandoned; her only other involvement with the car was turning it over to federal authorities, who had a warrant to seize it. Zuercher was therefore required to seek leave from the bankruptcy court before bringing her claim against Hoskins and Schoenmann in the district court. *See In re Yellowstone Mountain Club, LLC*, 841 F.3d 1090, 1094 (9th Cir. 2016) ("A district court is considered to be 'another forum,' requiring leave of the bankruptcy court before a lawsuit can be

2

brought.").

Zuercher's claim that the *Barton* doctrine does not apply because the McLaren was not a bankruptcy asset and she was not a party in Hujazi's bankruptcy proceedings is not persuasive. And, even if Zuercher actually owned the McLaren, the *Barton* doctrine would apply. *See, e.g.*, *In re Crown Vantage, Inc.*, 421 F.3d at 969, 977 (applying the *Barton* doctrine to claims brought by a third-party law firm against a trustee).[1]

2. The district court did not err in dismissing the claims against Stephen Jobe, the FBI Legal Forfeiture Unit Chief, for lack of personal jurisdiction. Zuercher argues that Jobe had the required minimum contacts with California because he sent Zuercher letters refusing to release the McLaren to her after it was seized pursuant to a warrant. But this alone does not show "purposeful availment" of California law, *see Yahoo! Inc. v. La Ligue Contre Le Racisme Et L'Antisemitisme*, 433 F.3d 1199, 1206, 1207–08 (9th Cir. 2006), and Zuercher does not allege that Jobe played any role in securing the warrant, seizing the McLaren, or supervising the federal agents who did.

---

[1] Zuercher's claim that Hoskins illegally notified the U.S. Trustee's Office that the McLaren was an unreported bankruptcy asset is similarly unavailing. Hoskins simply complied with her statutory duty to report suspected bankruptcy fraud. *See* 18 U.S.C. § 3057(a).

3. The district court also did not err in dismissing the claims against the remaining federal defendants for failure to exhaust administrative remedies. The Federal Tort Claims Act ("FTCA") requires that a tort claim against the United States or a federal employee acting within the scope of employment must previously have been "presented [] to the appropriate Federal agency" and "finally denied by the agency in writing." 28 U.S.C. § 2675(a). Section 2675(a), which is jurisdictional, requires a claim to contain "(1) a written statement sufficiently describing the injury to enable the agency to begin its own investigation, and (2) a sum certain damages claim." *Warren v. U.S. Dep't of Interior Bureau of Land Mgmt.*, 724 F.2d 776, 780 (9th Cir. 1984). Zuercher failed to show that her petitions to the FBI satisfied these requirements.

4. The district court did not abuse its discretion in denying leave to amend the complaint. Leave to amend may be denied if "the proposed amendment is futile or would be subject to dismissal." *Wheeler v. City of Santa Clara*, 894 F.3d 1046, 1059 (9th Cir. 2018). Zuercher does not explain how amendment would cure the numerous jurisdictional defects in her complaint—failure to seek leave from the bankruptcy court, failure to comply with the FTCA, and failure to establish personal jurisdiction over Jobe.[2]

---

[2] Zuercher argues that she alleged sufficient facts to state a claim against the federal defendants. We do not address that argument because the district court did not dismiss for failure to state a claim. Zuercher fails to challenge the district court's

**AFFIRMED.**

findings that (1) Zuercher's tort claims against the federal defendants are barred by sovereign immunity, and (2) her claims against the USMS and FBI agents who seized the McLaren are barred by quasi-judicial immunity. She has thus waived those issues. *See Greenwood v. FAA*, 28 F.3d 971, 977 (9th Cir. 1994).